UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ROSARIO ) | Case No. 1:12-cv-04059-ALC-DCF |
| ) | |
| Plaintiff, ) | **NOTICE OF PLAINTIFF'S MOTION** |
| ) | **TO DISMISS DEFENDANT'S** |
| vs. ) | **COUNTERCLAIM AND** |
| ) | **MEMORANDUM IN SUPPORT** |
| INTERNATIONAL AUTO MALL & ) | |
| LEASING CENTER, INC. ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, Jose Rosario ("Plaintiff"), by and through his undersigned counsel, hereby moves this Court to dismiss Defendant, International, Auto Mall & Leasing Center, Inc.'s ("Defendant"), counterclaim for lack of subject matter jurisdiction. In support thereof, Plaintiff respectfully states as follows:

**I.     INTRODUCTION.**

This Court does not have original jurisdiction over Defendant's counterclaim because the counterclaim arises from state law. Nor does this Court have supplemental jurisdiction because Defendant's counterclaim and Plaintiff's claims do not derive from a common nucleus of operative facts. Even if this Court finds it has supplemental jurisdiction, it should decline to exercise it. Exercising supplemental jurisdiction will not promote judicial economy because the claims derive from two different and separate sets of facts. Additionally, exercising supplemental jurisdiction will chill the effectiveness of the federal Truth in Lending Act. Federal courts typically dismiss counterclaims relating to underlying debts in actions filed under federal consumer protection statutes. In doing so, they often note that counterclaims to collect an underlying debt do not involve the same law and policy as actions filed under federal consumer

protection statutes, so as to become part of the same Article III controversy.  Courts frequently note that exercising supplemental jurisdiction impedes the expeditious enforcement of the policies giving rise to the federal consumer protection statutes under which the plaintiff files the respective original action.

## II.     STATEMENT OF RELEVANT PROCEDURE.

On May 22, 2012, Plaintiff brought an action under the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*. and its implementing Regulation Z ("Reg. Z."), 12 C.F.R. Part 226 (collectively, "TILA").  (Doc. 1).  On July 31, 2012, Defendant submitted its answer and included a counterclaim for breach of contract.  (Doc. 4).  Plaintiff now moves this Court to dismiss Defendant's counterclaim for lack of subject matter jurisdiction.

## III.    STANDARD OF REVIEW.

A court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1).  In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the [counterclaim], but [is] not to draw inferences from the [counterclaim] favorable to [Defendant]." *J.S. ex. rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Defendant has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

## IV.    THIS COURT SHOULD DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION.

This Court has neither original jurisdiction nor supplemental jurisdiction over Defendant's counterclaims.  Consequently, this Court should dismiss Defendant's counterclaims

for lack of subject matter jurisdiction.

### A. This Court Does Not Have Original Jurisdiction Over Defendant's Counterclaims.

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendant's counterclaim does not arise under the Constitution, laws, or treaties of the United States. (Doc. 4 ¶¶ 9–13). Nor is there diversity of citizenship. (Doc. 1 ¶¶ 4–5). Nor does the amount in controversy exceed $75,000. (Doc. 4 ¶ 10) ("the defendant has sustained damages in the amount of $11,713.00"). Therefore, this Court does not have original jurisdiction over Defendant's counterclaim.

### B. This Court Does Not Have Supplemental Jurisdiction Because Plaintiff's Claim And Defendant's Counterclaim Do Not Derive From A Common Nucleus Of Operative Fact.

Where a district court has original jurisdiction, the district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction requires (1) a federal claim sufficient to confer subject-matter jurisdiction and (2) that the federal claim and the state law claim is "part of the same case or controversy." *Montefiore Med. Ctr. V. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011). "[C]laims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Group,*

*Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix, Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).

Here, Plaintiff's TILA claim and Defendant's debt-collection counterclaim "lack any shared realm of genuine dispute." *Ball v. Connecticut Bank & Trust Co.*, 404 F.Supp. 1, 4 (D. Conn. 1975). "[W]hile there appears to be a relationship between the two claims, consideration of the factions underlying the cause of action, of the law relevant to each and of the evidence needed to support the claims reveals that the relationship is more illusory than real." *Leatherwood v. Universal Bus. Serv. Co.*, 115 F.R.D. 48 (W.D.N.Y. 1987) (citations omitted). In fact, the operative facts of a TILA violation and the operative facts of a breach of contract claim are distinct. *See Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) ("The borrower need show only that the loan documents do not comply with specific federal regulations. By contrast, the bank must show a breach of contract."). While they both involve the same loan document as evidence, the validity of the underlying debt, which is essential to Defendant's counterclaim, is immaterial to Plaintiff's case. *Fernicola v. Gen. Motors Acceptance Corp.*, No. 5:01-CV-1385, 2002 WL 34343744, *2 (N.D.N.Y. Dec. 16, 2002) ("in actions pursuant to the Truth in Lending Act…the validity of the underlying debt is not in issue"). Additionally, the underlying law of each is claim is entirely distinct. Defendant's counterclaim is for breach of contract, pursuant to state common law. (Doc. 4 ¶¶ 9–12). Plaintiff's claim alleges violations of federal statutory prohibitions designed to strengthen the "informed use of credit." (Doc. 1); *see* 15 U.S.C. § 1601(a).

Consequently, the claims do not derive from a common nucleus of facts, and therefore, this Court does not have supplemental jurisdiction over Defendant's counterclaim.

### C. No Logical Relationship Exists Between Plaintiff's TILA Claim And Defendant's Counterclaim And The Essential Facts Of The Claims.

Even though supplemental jurisdiction depends on whether the claims derive from a common nucleus of operative facts, *supra* § IV(B), some courts use the compulsory/permissive distinction to determine whether supplemental jurisdiction exists. *See, e.g.*, *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) ("As a permissive counterclaim, it is outside the supplemental jurisdiction."); *Hurtado v. TAM Fin. Corp.*, No. EP-07-CA-065-FM, 2007 WL 1746884 at *2 (W.D. Tex. June 5, 2007) ("Here, it is clear that if TAM's counterclaim is merely permissive, this Court must dismiss the counterclaim from this action for lack of jurisdiction.").

A counterclaim is compulsory if "a logical relationship exists between the claim and the counterclaim and [] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam*, 950 F.2d at 92. Therefore, a court must determine if there is: "(1) an identity of facts between the original claim and counterclaim; (2) a mutuality of proof; and (3) a logical relationship between the original claim and counterclaim." *May Ship Repair Contracting Corp. v. Oil Barge "HT-100"*, No. 08 Civ. 280, 2008 WL 6332375, at *2 (E.D.N.Y. Jan 21, 2008).

Here, "a lender's claim for debt against a borrower who sues for violation of [TILA] has none of the characteristics associated with a compulsory counterclaim." *Adams*, 950 F.2d at 93 (citations omitted). Accordingly, in the context of TILA cases, courts "in the majority [have] held that the lender's [debt collection] counterclaim is permissive only." *Leatherwood*, 115 F.R.D. at 50; *see also Adams*, 950 F.2d at 93 *Maddox v. Kentucky Fin. Co., Inc.*, 736 F.2d 380, 383 (6th Cir. 1984); *Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1291 (7th Cir. 1980) *rev'd*

*on other grounds*, 452 U.S. 205 (1981); *Whigham v. Beneficial Fin. Co.*, 599 F.2d 1322, 1323 (4th Cir. 1979); *Brady v. C.F. Schwartz Motor Co., Inc.*, 723 F.Supp. 1045, 1050 (D. Del. 1989); *Agostine v. Sidcon Corp.*, 69 F.R.D. 43, 44 (E.D. Pa. 1975); *but see Plant v. Blazer Financial Services, Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979).

## V. ALTERNATIVELY, THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER DEFENDANT'S COUNTERCLAIM.

If this Court finds it has supplemental jurisdiction, it can and should decline to exercise it. "The district courts may decline to exercise supplemental jurisdiction . . . if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, this Court should decline to exercise supplemental jurisdiction because the counterclaim would substantially predominate over the TILA claim, would hinder judicial economy, and would chill the effectiveness of TILA.

### A. Defendant's Counterclaim Substantially Predominates Over Plaintiff's Original Federal Claim.

Adjudication of Defendant's counterclaim will require considerably more time than the adjudication of Plaintiff's straightforward TILA claims. *See Valencia*, 617 F.2d at 1291 ("[A]djudication of both claims in a single lawsuit will secure few, if any, of the advantages envisioned in Rule 13(a)). The benefit of adjudicating these claims together may very well only be an "imagined convenience at the expense of the important principle of limited federal jurisdiction." *Zeltzer v. Carte Blanche Corp.*, 414 F. Supp. 1221, 1225 (W.D. Pa. 1976).

Plaintiff alleges claims under TILA relating to Defendant's violative loan documents. (Doc. 1). "A TILA suit for inadequate disclosure, such as the instant case, can often be resolved by an examination of the face of the loan document. A debt counterclaim, on the other hand, can raise the full range of state law contract issues." *Valencia*, 617 F.2d at 1291; *see also Whigham*, 599 F.2d at 1324 ("The borrower need produce only the loan documents for consideration in light of the federal requirements. The lender, however, must verify the obligation and prove a default on loan payments."). At the most basic level, Defendant would need to prove the existence of a valid contract, its right to enforce said contract, the sufficiency of its evidence regarding damages caused by the alleged breach, and the lack of a valid defense. Potential defenses relating to debt-collection actions include, but are not limited to, settlement or discharge of the alleged debt, statutes of limitations, legal invalidity of an alleged debt, incapacity or legal incompetence, and lack of proof.

Also significant, this Court must consider the potential for necessary review of post-judgment actions ancillary to Defendant's debt-collection efforts, such as wage garnishment. Moreover, Defendant's loan agreement may potentially allow Defendant to recover reasonable attorneys' fees and court costs incurred in connection with its counterclaims. Applying fee-shifting principles is not a simple endeavor. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–36 (1983). Specifically, Defendant will be required to prove that both the number of hours expended and the hourly rates charged are reasonable. *Id.* at 433. This will involve a tedious review of whether the hours expended and hourly rates are reasonable. *Id.* "But the product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward." *Id.* These factors include: (1) time and labor required, (2) novelty and difficulty of the questions involved,

(3) skill requisite to perform the legal service properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.* 488 F.2d 714, 718–19 (5th Cir. 1974).

As such, Defendant's counterclaims will substantially predominate over Plaintiff's for which this Court maintains original jurisdiction.

### B. Exercising Supplemental Jurisdiction Hinders Judicial Economy.

Plaintiff's claims and factual allegations are so different from Defendant's counterclaim and factual allegations that joining the counterclaim in this action will not promote judicial economy or the speedy disposition of the current dispute between the parties. Defendant is asking this court—which is a court of limited jurisdiction—to hear a matter based on a separate set of operative facts than the claim that this Court has original jurisdiction over. This request does not promote judicial economy because regardless of whether these claims are brought together or separately, the parties will use different discovery avenues and will ultimately need to prove two different and separate sets of operative facts.

In fact, exercising supplemental jurisdiction would hinder judicial economy. If this matter reaches trial, the trial of Defendant's counterclaim, together with Plaintiff's claim, would be difficult and confusing for the jury. The common law would become enmeshed with the exclusively statutory claims currently at bar. Additionally, not only does the loan agreement likely have a provision for reasonable attorneys' fees, but TILA also has a fee-shifting provision. 15 U.S.C. § 1640(a)(3). Trying these claims together will therefore force the Court and the

parties to spend a considerable amount of time determining which fees and costs should be billed to which claim. As such, adjudication of Defendant's counterclaim would inevitably divert time from litigants in other cases patiently waiting in the queue for the limited time of federal judges.

### C. Exercising Supplemental Jurisdiction Will Chill The Effectiveness Of TILA.

Allowing Defendant to bring its counterclaim in federal court "could frustrate the purposes of TILA by giving plaintiffs a disincentive to sue," *Maddox*, 736 F.2d at 383, which would thereby "impede enforcement of an important federal statute." *Valencia*, 617 F.2d at 1292. In *Maddox*, the Sixth circuit explained:

> Most consumer loan agreements contain an acceleration clause. Lenders do not, however, always accelerate the loan for minor defaults. Yet, if the counterclaim is compulsory they would be required to do so if sued on a TILA violation. This result would be in conflict with the purpose of the TILA.

*Maddox*, 736 F.2d at 383 n. 1.

In addition, "[t]he liability to which a violator of [TILA] is subject has been characterized as a penalty and a deterrent to activity prohibited by Congress." *Zeltzer*, 414 F. Supp. at 1225. Therefore, to permit a TILA defendant "to utilize the proceedings merely as a forum to state grievances against a debtor plaintiff would be an incongruous result and clearly prejudicial to the plaintiff's claim." *Id.* "To let the lender use the federal proceedings as an opportunity to pursue private claims against the borrower" would be an undesirable result. *Whigham*, 599 F.2d at 1324.

Consequently, even if this Court finds supplemental jurisdiction over Defendant's counterclaim, it should decline to exercise supplemental jurisdiction.

## VI. THIS COURT SHOULD FOLLOW THE SOUND REASONING OF THE MANY OTHER FEDERAL DISTRICT COURTS THAT DISMISS DEBT-COLLECTION COUNTERCLAIMS IN ACTIONS BROUGHT UNDER VARIOUS CONSUMER PROTECTION FEDERAL STATUTES.

In actions brought under various consumer protection laws (such as TILA, the Fair Debt Collection Practices Act ("FDCPA"), and Fair Credit Reporting Act ("FCRA")), district courts typically find that they lack or should decline to exercise subject matter jurisdiction over debt-collection counterclaims. *See, e.g.*, *Maddox*, 736 F.2d at 383–84; *Valencia*, 617 F.2d at 1290; *Whigham*, 599 F.2d at 1323–1324; *Mostin v. GL Recovery, LLC*, No. SACV 09-0650, 2010 WL 668808, at *5 (C.D. Cal. Feb. 19, 2010); *Randall v. Nelson & Kennard*, No. CV-09-387-PHX-LOA, 2009 WL 2710141, at *4 (D. Ariz. Aug. 25, 2009); *Martin v. Law Office of John F. Edwards*, 262 F.R.D. 534, 537 (S.D. Cal. 2009); *Witt v. Experian Info. Solutions, Inc.*, No. CV F 08-0553, 2008 WL 2489132, at *5 (E.D. Cal. June 16, 2008); *Hurtado*, No. EP-07-CA-065-FM, 2007 WL 1746884, at *2; *Avery v. First Resolution Mgmt Corp.*, No. 06-1812-HA, 2007 WL 1560653, at *8 (D. Ore. May 25, 2007); *Barcena v. Tam Finance Corp.,* No. EP-07-CA00020-KC, 2007 WL 1452587, at *3, (W.D. Tex. May 8, 2007); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal 2005); *Campos v. Western Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1170 (N.D. Cal. 2005); *Taylor v. Bryant, Inc.*, 275 F. Supp. 2d 1305, 1307 (D. Nev. 2003); *Cabrera v. Courtesy Auto, Inc.*, 192 F. Supp. 2d 1012, 1020 (D. Neb. 2002); *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995); *Hart v. Clayton-Parker & Assoc., Inc.*, 869 F. Supp. 774, 775–78 (D. Ariz. 1994); *Leatherwood,* 115 F.R.D. at 50; *Zeltzer*, 414 F. Supp. at 1225; *Roberts v. Nat. School of Radio & Television Broadcasting,* 374 F. Supp. 1266, 1271 (N.D. Ga. 1974).

This Court should follow the sound reasoning of these federal courts because like the FDCPA and FCRA, TILA is a federal consumer protection statute and debt collection

counterclaims do not arise from a common nucleus of operative facts and/or the counterclaims will substantially dominate, hinder judicial economy, and will chill the effectiveness of the TCPA.  *See supra* §§ V, VI.

## VII.   CONCLUSION.

This Court should dismiss Defendant's counterclaim.  Plaintiff's claims and Defendant's counterclaims do not arise out of a common nucleus of operative facts.  Even if the Court finds supplemental jurisdiction, this Court should decline to exercise jurisdiction because the counterclaim would substantially predominate, would hinder judicial economy, and would chill the effectiveness of TILA.

WHEREFORE, Plaintiff's respectfully requests the Court dismiss Defendant's counterclaim.

Respectfully submitted this 21st day of August, 2012.

ATTORNEYS FOR PLAINTIFF
*Jose Rosario*


 _/s/_ Dennis Kurz_____
Dennis R. Kurz
NY Bar No. 4570453
***Weisberg & Meyers, LLC – Of Counsel***
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Norman Steiner
Woolworth Building
233 Broadway, Suite 900
New York, New York 10007
(212) 2470-9111
nsteiner@nsteinerlaw.com

                                  Respectfully submitted,

                                  /s/Dennis R. Kurz
                                Dennis R. Kurz