UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JOSE ROSARIO,                                    :

           Plaintiff,                     :            12 Civ. 4059 (ALC)

    -against-                                   :            **OPINION AND ORDER**

INTERNATIONAL AUTO MALL & LEASING     :
CENTER, INC.,
                                  :

           Defendant.                     :

---------------------------------------------------------------X

**ANDREW L. CARTER, United States District Judge:**

       Plaintiff, Jose Rosario ("Rosario"), seeks to dismiss the counterclaim of Defendant,

International Auto Mall & Leasing Center, Inc. ("International").  On May 22, 2012, Rosario

filed a complaint alleging violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(g)

and Regulation Z, 12 C.F.R. 226.2(17), for failure to disclose the schedule of payments in

relation to his purchase of a used vehicle from International on January 27, 2012 (Dkt. 1).

International filed an answer and counterclaim on July 31, 2012 (Dkt. 4).  International's

counterclaim seeks to sue Rosario for breach of contract (Dkt. 4, ¶¶ 9-13).

       The Court lacks original or supplemental jurisdiction over International's counterclaim

for breach of contract.  Accordingly, the Court dismisses the counterclaim for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

DISCUSSION

       Rosario argues that this Court lacks subject matter jurisdiction over International's

counterclaim and seeks dismissal pursuant to Rule 12(b)(1).  A case is properly dismissed for

lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "when the district court lacks the

statutory or constitutional authority to adjudicate it." *Makarova v. United States*, 201 F.3d 110,

113 (2d Cir. 2000). A court must accept as true all material factual allegations in the complaint, and will draw inferences favorable to the party asserting jurisdiction.[1] *Sharkey v. Quarantillo,* 541 F.3d 75, 83 (2d Cir. 2008) (citing *Merritt v. Shuttle, Inc.,* 245 F.3d 182, 186 (2d Cir. 2001) and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Once challenged, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Makarova,* 201 F.3d at 113.

Motion to Dismiss is Deemed Unopposed

Before moving to the merits, I address Plaintiff's contention that its motion to dismiss International's counterclaim for lack of subject matter jurisdiction should be deemed unopposed because International did not file an opposition motion until 45 days after the motion to dismiss had been filed. The Local Rules of this Court require "any opposing affidavits and answering memoranda shall be served within fourteen days after service" of civil motions other than discovery-related motions and motions seeking to quash a subpoena. *See* Local Rule 6.1(b).

This motion for dismissal for lack of subject matter jurisdiction is pursuant to Fed. R. Civ. P. 12(b)(1) and thus is subject to the time constraints imposed by Local Rule 6.1(b). International's failure to file an opposition (Dkt. 11) until 45 days after the motion was filed— more than three times the time allowed for its response. Furthermore, at no point did

---

[1] Other cases suggest that the Court need not draw reasonable factual inferences in favor of the party asserting jurisdiction, *see, e.g., Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir. 1992); *Hill v. New York,* No. 12 Civ. 0466 (RWS), 2012 WL 3224328 (S.D.N.Y. Aug. 7, 2012). A different level of factual scrutiny has no effect on the determination required here: whether International's counterclaim should be heard under the Court's supplemental jurisdiction.

International seek leave of this court for an extension of time to file its opposition motion. For these reasons, Rosario's motion is considered unopposed.

International's Counterclaim Lacks Original Jurisdiction in Federal Court

International's counterclaim does not set forth an independent basis for jurisdiction in this court. This is because the claim does not have independent jurisdiction before the court either as a federal question, *see* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), or through diversity jurisdiction, *see* 28 U.S.C. § 1332 (requiring matter in controversy exceeding $75,000, between citizens of different States). International's counterclaim is for breach of contract—a state-law claim—in the amount of $11,713.00. Thus, it does not qualify for either federal question or diversity jurisdiction and, in the absence of supplemental jurisdiction must be dismissed. Plaintiff challenges the appropriateness of supplemental jurisdiction under 28 U.S.C. § 1367.

Exercise of Supplemental Jurisdiction

Under § 1367, the court is empowered to hear claims that form part of the same case or controversy as a validly plead federal claim. *See* 28 U.S.C. Section § 1367(a) (permitting supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). Supplemental jurisdiction under § 1367, however, is discretionary and the court need not hear the claim if "there are ... compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ("[D]istrict courts do not overstep Article III

limits when they decline jurisdiction of state-law claims on discretionary grounds without determining whether those claims fall within their pendent jurisdiction. . . ") (citation omitted).

A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," which in this Circuit occurs when there is a "logical relationship" between the counterclaim and the main claim. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004); *see also Goldman Marcus, Inc. v. Goldman*, No. 99 Civ. 11130 (KMW), 2000 WL 297169, at *3 (S.D.N.Y. Mar. 17, 2000) ("Courts in this Circuit employ a case-by-case approach that looks to the strength and nature of the 'logical relationship' between counterclaims and the jurisdiction-conferring claims."). Conversely, a counterclaim is permissive if it fails the "logical relationship" test and it is determined that the counterclaim does not arise out of the same transaction or occurrence. *See Jones*, 358 F.3d at 210 (finding a permissive counterclaim because "the essential facts for proving the counterclaims and [the main claim] are not so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency.")

International's breach of contract counterclaim is not compulsory; it is permissive. Fed. R. Civ. P. 13(b). However, "[w]hether a counterclaim is permissive within the meaning of Rule 13 is not dispositive of the constitutional question whether there is federal jurisdiction over the counterclaim." *Jones*, 358 F.3d at 212 (quoting *Ambromovage v. United Mine Workers*, 726 F.2d 972, 990 (3d Cir. 1984)). Courts have recognized that the "same case or controversy" test established by section 1367 allows subject matter jurisdiction for some permissive counterclaims, depending on the nature of the specific counterclaim. *See, e.g., Jones*, 358 F.3d at 215 (remanding to district court for determination of "truly compelling circumstances" against exercise of jurisdiction where claim and counterclaim had common nucleus of operative fact);

4

*Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005) ("The test for supplemental jurisdiction under Section 1367 appears broad enough to encompass some permissive counterclaims").

The only arguably common element of proof necessary for a breach-of-contract claim and TILA claim is the existence of a contract. Beyond that, the fact that a contract may have been breached does not raise the same questions as whether that contract included federally-mandated disclosures. Courts in this Circuit have consistently implied that breach of contract claims do not form the same case and controversy with a TILA violation claim. *See Adams v. Jacobs*, 950 F.2d 89, 92-93 (2d Cir. 1991) ("The issues of fact and law relating to debt claims differ significantly from the borrowers' claims in [TILA cases] and the evidence needed to support each position may vary. The borrower need show only that the loan documents do not comply with specific federal regulations. By contrast, the bank must show a breach of contract.") (internal citation omitted); *Bryant v. Emigrant Mortg. Co., Inc.*, 2011 WL 3876978, *6 (E.D.N.Y. Aug. 30, 2011) ("These assertions do not implicate the TILA: the dispute is quintessentially one of contractual interpretation and performance and wholly governed by state law."); *see also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469 (S.D.N.Y. 2008) (citing *Bu ex rel. Bu v. Benenson*, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001)) (claims were not part of the same case or controversy where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims). Thus, on balance the claims do not arise from a common nucleus of operative fact. Based on its answer and counterclaim, International does not make a showing sufficient to ground its counterclaims within the Court's supplemental jurisdiction.

5

Discretionary Factors Under 28 U.S.C. § 1367(c)

Even if there were a basis for supplemental jurisdiction, the Court would still need to consider whether prudential factors of subsection 1367(c) cautioned against exercise of supplemental jurisdiction.[2] The first and third factors are inapplicable here where the counterclaim does not raise a particularly novel issue of state law, only breach of contract, *see* 28 U.S.C. § 1367(c)(1), and where the claim of original jurisdiction—the alleged TILA violation—has not been dismissed, *see* 28 U.S.C. § 1367(c)(3).

However, the analysis under subsections (c)(2) and (c)(4) tip in favor of dismissing the counterclaim. There is a great chance that the claim will predominate over the TILA violation claim, *see* 28 U.S.C. § 1367(c)(2), which only requires review on the face of the contract. Furthermore, there are policy reasons for not allowing the counterclaim to go forward. *See* 28 U.S.C. § 1367(c)(4). In particular, allowing creditors to pursue their independent claims in federal court would have a chilling effect on would-be plaintiffs in exercising their federal consumer protection right. *See, e.g., Barcena v. Tam Finance Corp.* 2007 WL 1452587, 4 (W.D. Tex. May 8, 2007) (declining to exercise jurisdiction to prevent the chilling effect that would ensue from trying FDCPA claims in the same case as state law claims for collection of the

---

[2] Section 1367(c) reads: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. 1367(c).

underlying debt); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1071 (E.D. Cal. 2005) (same).  Furthermore, the fact that Plaintiff's motion is deemed unopposed gives rise to the question whether this court need attend to a state-law counterclaim which has garnered so little attention from its moving party.[3]  These considerations lead us to decline supplemental jurisdiction.

CONCLUSION

Because International's is a permissive counterclaim, has no independent basis for federal jurisdiction and this Court declines to exercise supplemental jurisdiction, there is no subject matter jurisdiction and it is barred from being litigated in federal court.  *See Goldman Marcus, Inc. v. Goldman*, No. 99 CIV. 11130 (KMW), 2000 WL 297169, at *7 (Mar. 21, 2000) ("Subject matter jurisdiction is not a matter of equity or of conscience or of efficiency, but is a matter of the lack of judicial power to decide a controversy.") (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 874 (10th Cir. 1995)).

For the reasons discussed herein, Plaintiff's motion to dismiss the counterclaim is GRANTED and Defendant's counterclaim is dismissed without prejudice to allow repleading, if desired, in the appropriate state court.


SO ORDERED.

Dated:     March 19, 2013
           New York, New York

_____
United States District Judge

---

[3] My conclusion on this point would be the same given the sparse and highly conclusory opposition Defendant ultimately filed. (Dkt. 11).